# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22229-Civ-WILLIAMS/TORRES

JOHN ELARDI,

    Plaintiff,

v.

I.S. MAKINEN OY and
MAKINEN INC.,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY

This matter is before the Court on John Elardi's ("Plaintiff") motion for leave to take jurisdictional discovery against I.S. Makinen Oy ("I.S. Makinen"). [D.E. 22]. I.S. Makinen responded to Plaintiff's motion on October 29, 2019 [D.E. 27] to which Plaintiff replied on November 5, 2019. [D.E. 29]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed above, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this action on May 31, 2019 [D.E. 1] because of an incident that occurred in June 2018. Plaintiff was a passenger on a cruise ship and, while allegedly exercising due care, sat on a sofa that collapsed. As a result, Plaintiff filed a two-count complaint for strict liability and negligence seeking relief for severe

1

bodily injury, an aggravation of pre-existing conditions, physical and mental pain, suffering, disability, disfigurement, a loss of capacity for the enjoyment of life, and medical costs.

## *II. ANALYSIS*

On September 30, 2019, I.S. Makinen – operating as a Finnish corporation – filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. [D.E. 18]. In support of its motion, I.S. Makinen filed a declaration [D.E. 19] that the company has no offices or employees in Florida and that the companies in this case are engaged in completely different businesses. Plaintiff argues, however, that I.S. Makinen's website directly contradicts that declaration and that it makes no distinction between the two companies. Plaintiff also claims that the website refers to the companies collectively as "Makinen" and that it describes an Executive Chairman that resides in Broward County.[1] Therefore, Plaintiff requests that it be granted leave to take jurisdictional discovery to determine whether personal jurisdiction exists.

I.S. Makinen argues, on the other hand, that the companies are not the same, that this case should be dismissed for lack of personal jurisdiction, and that Plaintiff is not entitled to any jurisdictional discovery in the interim. I.S. Makinen contends that the only jurisdictional allegation in Plaintiff's complaint is that the companies are sister corporations with an alter ego relationship. But, I.S. Makinen claims that Plaintiff's allegation is without jurisdictional significance because it is

---

[1] The website also purportedly states that the location of the two companies is in Florida.

2

merely a conclusory statement. *See Res. Healthcare of Am., Inc. v. McKinney*, 940 So. 2d 1139, 1143 (Fla. 2nd DCA 2006) ("Ownership of a resident subsidiary corporation by an out-of-state parent corporation, without more, has been repeatedly deemed insufficient to meet the requirements of section 48.193."). I.S. Makinen also suggests that Plaintiff's motion rises to the level of a fishing expedition because, without any jurisdictional facts, there is no evidence that the companies are operating in an alter ego relationship. As such, I.S. Makinen requests that Plaintiff's motion be denied, and that the Court proceed with the disposition of the motion for personal jurisdiction.

"[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) (citations omitted). Plaintiffs have a "qualified right" to jurisdictional discovery "if the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation." *Id.* at 729, n.7. This means that the question of jurisdictional discovery is a balance of competing interests:

> On one hand, the avowed purpose of the Federal Rules is to minimize the importance of procedural technicalities and to allow a court to decide cases on the merits. On the other, a court should decide only those cases that are properly before it, and the defendant has a legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking.

*Eaton*, 692 F.2d at 730. We note, however, that it is not accurate that a district court has complete discretion to grant or deny a request for jurisdictional discovery

when the jurisdictional facts are in dispute. It is more appropriate to say that discretion is limited "to the form that the discovery will take," as opposed to whether there will be jurisdictional discovery. *Id*. Thus, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003).

There are two Eleventh Circuit cases to consider in the disposition of Plaintiff's motion for jurisdictional discovery. The first is *Eaton*, where the Eleventh Circuit held that a district court's dismissal for lack of jurisdiction was premature because a plaintiff must be given an opportunity to develop facts to support a determination on the issue of jurisdiction. *See Eaton*, 692 F.2d at 731. In that case, plaintiffs served interrogatories and production requests on the defendants before the court ruled on the motion to dismiss. *See id.* at 730-31. Focusing on the timing of discovery, the court concluded that "[t]he rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction." *Id.* at 731 (citing *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980)).

The second case to consider is *Posner v. Essex Ins., Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999), where the Eleventh Circuit affirmed the denial of a motion for jurisdictional discovery because the plaintiffs made untimely efforts to elicit discovery before the complaint was dismissed and failed to specify what they

4

thought should be discovered. The plaintiffs failed to make any jurisdictional discovery efforts in the eight months between the time plaintiffs filed the complaint and the time it was dismissed. *See id.* at 1214 n.7. Instead, plaintiffs only referred to jurisdictional discovery on the first page of their memorandum in opposition to the motion to dismiss filed seven and one-half months after the filing of the complaint and more than five months after the filing of the motion to dismiss. Accordingly, the Eleventh Circuit concluded that the district court did not err in denying the plaintiffs' request to take jurisdictional discovery.

Here, Plaintiff's motion is well taken because there is a genuine dispute as to whether I.S. Makinen availed itself of the Court's jurisdiction. While I.S. Makinen suggests that the record is undisputed and that Plaintiff's request rises to the level of a fishing expedition, that argument is premature as Plaintiff has not even had the chance to seek limited jurisdictional discovery. Plaintiff's request is also unlike other cases where parties either waited a substantial amount of time to seek discovery or failed to file a formal motion to take discovery. *See Inman v. Am. Paramount Fin.*, 2010 WL 11561202, at *3 (S.D. Fla. July 7, 2010) ("The decision to allow jurisdictional discovery is a product of the timing and nature of the jurisdictional discovery request.") (citing *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1145 (S.D. Fla. 2007)).

Neither situation is presented in this case because Plaintiff filed this action on May 31, 2019 [D.E. 1], I.S. Makinen filed a motion for lack of personal jurisdiction on September 30, 2019 [D.E. 18], and Plaintiff sought jurisdictional

5

discovery on October 15, 2019. [D.E. 22]. When coupling these time considerations with the preference that cases be decided on their merits, the balance of interests weighs in Plaintiff's favor to determine whether personal jurisdiction exists. That is, Plaintiff's efforts are similar to the plaintiff in *Eaton* – as opposed to *Posner* – because Plaintiff filed his motion for jurisdictional discovery before the motion to dismiss for lack of personal jurisdiction was ruled upon, and two weeks after the motion to dismiss was filed. Because Plaintiff has made a *prima facie* case for personal jurisdiction and the request is timely, jurisdictional discovery is appropriate. Accordingly, Plaintiff's motion is **GRANTED**.

### *III. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for leave to take jurisdictional discovery is **GRANTED**. [D.E. 22]. I.S. Makinen shall have fourteen (14) days to respond to all requests for admissions, production, and interrogatories. Any depositions shall also be scheduled within the same time frame. The depositions are limited to the jurisdictional issues raised in the pending motion and response.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of November, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge